OPINION
Shirley Moore appeals from a judgment of the Montgomery County Court of Common Pleas, which denied her motion to set aside a 1969 divorce decree.
Moore and Ernest Rambo were married on April 7, 1962 in Columbus, Indiana. Rambo filed a petition for divorce in the Montgomery County Court of Common Pleas on March 8, 1968, in which he stated that he had been a resident of Ohio for more than a year and a resident of Montgomery County for more than ninety days. At the same time, he filed an affidavit stating that service could not be had on Moore within Ohio and that her address was 205 Lafayette in Columbus, Indiana. Pursuant to that affidavit, the court ordered that service be had upon Moore by publication. Service by publication was completed, and a summons and copy of the petition were mailed to Moore at 205 Lafayette. The court entered a Final Decree of Divorce on April 21, 1969, in which it found that service by publication had been completed and that Rambo had been a resident of Ohio for more than a year before filing his petition and a resident of Montgomery County for more than ninety days before filing his petition.
 On October 20, 2000, Moore filed her Motion to Set Aside for Fraud on Court, alleging that Rambo had committed fraud upon the court, that the court had never had jurisdiction, and that she had not received proper notice. Rambo filed a motion to dismiss and memorandum in opposition to Moore's motion on November 22, 2000, to which Moore responded with a memorandum in support of her motion on February 26, 2001.[1] A hearing was held on July 18, 2001, following which the trial court filed an entry dismissing Moore's motion to set aside the divorce on August 31, 2001.
Moore appeals, raising three assignments of error.
 THE TRIAL COURT ABUSED ITS DISCRETION FOR FAILING TO FIND LACK OF SUBJECT MATTER JURISDICTION OVER A 1969 DIVORCE DECREE SINCE NEITHER PARTY SATISFIED THE RESIDENCY REQUIREMENTS OF THE OHIO REVISED CODE § 3105.03.
In 1968, R.C. 3105.03 provided:
 Except in an action for alimony alone, the plaintiff in actions for divorce and annulment shall have been a resident of the state at least one year immediately before filing the petition. Actions for divorce, annulment, or for alimony shall be brought in the county of which the plaintiff is and has been a bona fide resident for at least ninety days immediately preceding the filing of the petition, or in the county where the cause of action arose. The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state.
 The 1969 trial court found that Rambo had met this requirement. The trial court in 2001 agreed. The evidence supports the findings of both trial courts. After reviewing the record in its entirety, we conclude that there is ample evidence to show that Rambo had in fact been a resident of Ohio for at least a year before his March 8, 1968 petition for divorce and a resident of Montgomery County for at least ninety days before that petition. Rambo testified that he moved to Dayton in 1966,[2] and Moore testified that he moved to Dayton in 1967. Furthermore, it is clear that he was here in the early months of 1967, as both he and Moore testified that she came and stayed with him for a month or two in early 1967. Both parties conclusively remembered this because their fourth child, which was stillborn, was born in Dayton on February 21, 1967 while Moore was staying with Rambo.
To prove that Rambo had not been a resident of Ohio for a year prior to filing his petition for divorce, Moore testified that he came to visit her on weekends throughout 1967. While this, even if true, would not be sufficient to establish that he had not lived in Ohio, Rambo testified that he had not been to visit her that often. He testified that in late 1966, when he had first begun working in Ohio, he had gone back to Indiana on weekends and had still been living there with Moore and their children. However, he stated that he was not visiting her on even a monthly basis in 1967. Notably, Moore does not appear to dispute that Rambo was in fact living and working in Ohio during the year preceding his divorce petition. Rather, her argument seems to be that he had continued to visit her and therefore had not intended to make Dayton his home. However, Rambo testified to the opposite effect, and the trial court found his testimony to be credible.
Moore also argued that Rambo had not been listed in the city directory, had not registered to vote, and may have not obtained an Ohio driver's license. None of these facts shows that Rambo was not a resident of Ohio for a year preceding his petition. They show only that he was not listed in the city directory, did not register to vote, and may not have obtained an Ohio driver's license. Unless Moore can establish that all residents of Ohio did these things (which would be difficult considering the number of people who do not register to vote and do not obtain driver's licenses), then the fact that Rambo did not does not establish that he was not a resident of Ohio.
There was evidence that Rambo became a resident of Ohio at some time in late 1966, more than one year prior to filing his March 8, 1968 petition for divorce. Furthermore, there was evidence that Rambo was a resident of Montgomery County during the entire time between late 1966 and March 8, 1968. Therefore, there was evidence that the Montgomery County Court of Common Pleas had jurisdiction to grant him a divorce in 1969. The trial court in 2001 did not err in its conclusion to that effect.
The first assignment of error is overruled, subject to action the trial court might take pursuant to remand, as discussed under the third assignment of error.
 THE TRIAL COURT ERRED AS A MATTER OF LAW FOR MISINTERPRETING SERVICE BY PUBLICATION SINCE THE PLAINTIFF FAILED TO EXERCISE REASONABLE DILIGENCE IN ASCERTAINING SHIRLEY MOORE'S CORRECT ADDRESS AS REQUIRED BY OHIO REVISED CODE § 3105.06.
In 1968, R.C. 3105.06 provided:
 If the defendant in an action for divorce, or annulment, or for alimony is not a resident of this state, is a resident of this state but personal service cannot be served upon him, or his residence is unknown, notice of the pendency of the action must be given by publication as provided by sections 2703.14 to 2703.27, inclusive, of the Revised Code. Unless it is made to appear to the court of common pleas, by affidavit or otherwise, that his residence is unknown to the plaintiff and that after the exercise of reasonable diligence it cannot be ascertained, a summons and copy of the petition, forthwith on the filing of it, shall be mailed to the defendant at his last known place of residence.
 In this case, Moore was not a resident of this state, so notice by publication was required according to R.C. 3105.06. The parties appear to agree that notice by publication was completed. In addition, under R.C. 3105.06, a summons and copy of the petition were required to be mailed to Moore at her last known place of residence, unless the residence was unknown to Rambo and he was unable to ascertain it with the exercise of reasonable diligence. A summons and copy of the petition were in fact mailed to Moore at her last known address, 205 Lafayette. Moore admits that she lived there as late as February of 1968, which could have been as little as eight days before Rambo filed his petition. Therefore, the trial court did not err in finding that the requirements of R.C. 3105.06
were met.
The second assignment of error is overruled, subject to action the trial court might take pursuant to remand, as discussed under the third assignment of error.
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY PLACING THE BURDEN OF PROOF ON SHIRLEY MOORE DUE TO THE TRIAL COURT'S MISCHARACTERIZING SHIRLEY MOORE'S ACTION AS ONE BASED ON FRAUD.
 Moore argues that the trial court erred in placing a clear and convincing burden of proof upon her because her action was not based on fraud. The trial court arguably, although not clearly, applied the burden of proof for a fraud action-that Moore prove her case by clear and convincing evidence. The trial court stated:
 The burden of proof rests with the defendant and, if her allegation is that the plaintiff committed a fraud upon the court, her burden of proof is clear and convincing evidence and she was required to seek relief in a timely manner. The defendant failed to carry her burden of proof.
 However, the trial court did not state that Moore had failed to prove fraud. Rather, the trial court's entry focused on the evidence that established subject matter jurisdiction and the propriety of service of process.
Throughout her case, Moore has been inconsistent in her arguments, even captioning her original motion as a "Motion to Set Aside for Fraud on Court." Furthermore, Moore has not indicated what standard she believes would be appropriate.
In our judgment, Moore has the burden of proof on the issue of whether the 1969 decree is void for want of subject matter jurisdiction, even if her motion to set it aside is not based on fraud. This is in keeping with the general rule that the moving party ordinarily bears the burden of proof.
Although, based on our review of the record, we are inclined to conclude that Moore failed to prove lack of subject matter jurisdiction or insufficient service of process by even a preponderance of the evidence, that evaluation is the province of the trial court. Accordingly, we will remand this matter for the purpose of the trial court's deciding this case using a preponderance of the evidence standard with Moore having the burden of proof. In remanding this case, we do not require the court to receive additional evidence.
The third assignment of error is sustained.
The judgment of the trial court will be reversed and remanded for further proceedings consistent with this opinion.
FAIN, J. and GRADY, J., concur.
[1] Interestingly, Moore, who now argues that the trial court erred in treating her motion as one for fraud, styled her motion as "Motion to Set Aside for Fraud on Court" but styled her memorandum in support of that motion "Memorandum in Support of Defendant's Motion to Set Aside Judgment as Void Ab Initio."
[2] Moore argues strenuously that Rambo's testimony should be discounted because it is inconsistent during the hearing and with prior depositions in this case and in a different case. We agree with the trial court that the small inconsistencies in Rambo's testimony amount to difficulty remembering dates after thirty years. Furthermore, we must note that the trial court was also faced with considerable inconsistency on the part of Moore and that this inconsistency was of much more substance to the proceedings than Rambo's inconsistency relating to precise dates and addresses.